## UNITED STATES v. WILLIAMS.
### No. 149.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1945.

John F. X. McGohey, U. S. Atty., of New York City (Harold J. McAuley, Asst. U. S. Atty., of New York City, of counsel), for plaintiff-appellee.

John A. Bolles, of New York City, for defendant-appellant.

Before CHASE, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The appellant was tried by jury in the District Court for the Southern District of New York on an indictment charging the use of the mail to defraud in violation of 18 U.S.C.A. § 338. After conviction and sentence he has appealed and seeks a reversal on the ground of error committed by the court when, just before the case was submitted, the jury was told in response to the request of the district attorney that "Of course, ignorance of the law is never any excuse. Good faith does not excuse." After that the court asked counsel if there were any exceptions and none were taken.

The defense of the appellant had been largely put upon his honest and reasonable belief that the representations he made were true, and standing alone this terse statement as to good faith did not adequately and correctly inform the jury as to the law applicable to the issues on trial. Gold v. United States, 8 Cir., 36 F. 2d 16. But, even so, there is no reason to believe that the jury was confused. In the colloquial charge the jury had been correctly and sufficiently instructed as to the law on the subject, and had there been any reason to believe that what is now urged to be erroneous was likely to be misunderstood the judge should have been given a chance to amplify or correct what he said by having his attention called to that at the time. United States v. Manton, 2 Cir., 107 F.2d 834, 848. We will exercise our discretion to notice only plain error where no exception has been taken. The brief remarks of the judge are to be considered in connection with his previous clear exposition of the subject, and when that is done it cannot be reasonably thought that the appellant was harmed in any respect.

Judgment affirmed.