**UNITED STATES of America,
Appellee,**

v.

**David TOM, Defendant-Appellant.
No. 281, Docket 29328.**

United States Court of Appeals
Second Circuit.

Argued Jan. 5, 1965.

Decided Jan. 12, 1965.

Jack D. Samuels, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, on the brief), for appellee.

Daniel H. Greenberg, New York City, for defendant-appellant.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

PER CURIAM:

David Tom appeals from an order of the District Court for the Southern District of New York which denied his motion under 28 U.S.C. § 2255 to vacate his conviction and sentence to twelve years' imprisonment for violation of the federal narcotics laws. His motion was based on the claim that, due to the influence of narcotics, he had been unable to understand the nature of the charges against him or to assist in his own defense during the three-day trial. Judge Edelstein found that he had possessed "sufficient mental competency to consult with his lawyer with a reasonable degree of rational understanding and was able to assist in his own defense."

It appears not to be disputed that Tom was taking narcotics at the time of the trial. But the record does not show, and we have no reason to believe, that the use of narcotics *per se* renders a defendant incompetent to stand trial. Whether it had such an effect in this

case was an issue of fact, as to which the petitioner had the burden of proof. Johnston v. United States, 292 F.2d 51 (10 Cir.), cert. denied, 368 U.S. 906, 82 S.Ct. 186, 7 L.Ed.2d 100 (1961).

■ There is adequate evidentiary support for Judge Edelstein's conclusion that the petitioner did not sustain the burden of proving his incompetency. Norman Lau Kee, Esq., who represented Tom at the trial and had known him for a number of years, noticed "nothing unusual" in his appearance or demeanor at trial, and he testified that Tom "appeared to respond to my questions without too much difficulty." These observations were supported by the testimony of Mr. Rosner, who had represented the government, and Leslie Hall, a medical technician who had talked with Tom at the close of the trial. In addition, Tom conceded that he had worked evenings as a dealer in a card game during the course of the trial, and his statements at the time of sentencing do not indicate that he was then incompetent.

Affirmed.