Francis F. HARPER, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 18911, 18912.

United States Court of Appeals
District of Columbia Circuit.

Argued April 8, 1965.

Decided June 8, 1965.

Petition for Rehearing en Banc
Denied Oct. 5, 1965.

Mr. Julius Schlezinger, Washington, D. C. (appointed by this Court), for appellant.

Mr. David W. Miller, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, DANAHER and McGOWAN, Circuit Judges.

PER CURIAM.

Appellant was convicted of violations of the narcotic laws, based on testimony regarding two transactions, one in January 1963, the other in March of the same year. As to the January occurrence the testimony of the first Government witness was to the effect that another man, originally referred to as an unidentified male, participated with defendant in the alleged unlawful conduct. The defense on cross examination brought out that this other person was arrested; and the witness added that he, the witness, went before the United States Commissioner with reference to the arrest and identified the man. Later during the trial he was identified as John Harper, a brother of defendant. It was also brought out that he had been tried in connection with the January narcotics transaction which led to defendant's indictment. The court

instructed the jury to disregard the testimony that the brother had been tried, but the arrest testimony remained undisturbed. John Harper was called as a defense witness in support of defendant's claim of an alibi.

Defendant urges that he should have been permitted to prove that John Harper had been acquitted of any participation in the January transaction. The Government replies that such testimony was not actually tendered by defendant. The record gives some support to this view, but the discussion which took place between court and counsel demonstrates that the court considered evidence of the acquittal inadmissible, otherwise the defense would have offered it. For this reason we consider the question of its admissibility.

■ The difficulty with appellant's contention is that the prosecution was not responsible for the testimony that John Harper had been arrested and prosecuted for the complicity referred to. We need not decide whether evidence of his acquittal would have been admissible had the prosecution itself brought out that he had been arrested or tried; [1] for here the prosecution had not attacked the credibility of John Harper by evidence of his arrest and trial. It is not permissible for the defense itself to adduce such impeaching character evidence pertaining to one of its own witnesses and then to rebut it by showing the witness' acquittal as favorable character evidence.[2]

■ There was evidence, which came into the case incidentally, possibly having a bearing upon defendant's mental condition, which might have required the court to instruct on the issue of criminal responsibility had such an instruction been requested; but the evidence was insufficient to have obligated the court so to instruct in the absence of request. The record convinces us that the defense of insanity was purposely avoided, perhaps so as not to confuse the alibi defense. While this may not always suffice to preclude reversal when the instruction is not given notwithstanding some evidence to support it, we think the court properly refrained in this case.[3] Of course the availability of 18 U.S.C. § 4241 remains.

■ Finally, as to the possible inadequacy of the disposition of the question of defendant's competency to stand trial the recent decision of this court in Whalem v. United States, 120 U.S.App.D.C. ——, 346 F.2d 812, precludes reversal. No additional information on the issue of such competency was requested, no objection was made that the information upon which the trial went forward was inadequate, and no explicit determination of competency was sought at the hands of the court. And if there was no abuse of discretion there none can be held to have occurred here.

Affirmed.

1. Compare Jackson v. State, 33 Tex.Cr.R. 281, 26 S.W. 194, with Perkins v. United States, 315 F.2d 120 (9th Cir.), cert. denied, 375 U.S. 916, 84 S.Ct. 201, 11 L.Ed.2d 155, and Homan v. United States, 279 F.2d 767, 772 (8th Cir.).

2. The fact of acquittal was not relevant on any other issue of credibility.

3. On the record here, there is much less evidence on the issue of insanity and more reason to believe that counsel desired to avoid the issue than is set out in Tatum v. United States, 88 U.S.App.D.C. 386, 190 F.2d 612, where we found the issue to have been raised in fact. And in Goforth v. United States, 106 U.S.App. D.C. 111, 269 F.2d 778, and Logan v. United States, 109 U.S.App.D.C. 104, 284 F.2d 238, an instruction was requested.