**Eugene HOWELL, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**No. 67 C 640.**

United States District Court
N. D. Illinois, E. D.

Feb. 21, 1968.

Harvey M. Silets, Chicago, Ill., for petitioner.

R. J. Weber, Asst. U. S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM OPINION

DECKER, District Judge.

This is a petition under 28 U.S.C. § 2255 for an order to vacate the sentence imposed upon petitioner by the late Judge LaBuy of this court in 1964. An evidentiary hearing was held before me on November 29, 1967 and December 1, 1967, after which the petition was taken under advisement. After due consideration of the petition, memoranda, original trial transcript, and evidence presented here, I have concluded that the petition must be denied.

Petitioner was tried before a jury and convicted in March, 1964 of the offense of conspiracy to transport and conceal unlawfully imported heroin, a narcotic drug, in violation of 21 U.S.C. § 174. A sentence of twelve years was imposed on April 28, 1964. Judgment was affirmed on appeal, United States v. Owens et al., 346 F.2d 329 (7 Cir. 1965). The two principal grounds of the present petition may be stated as follows: (1) The admission at trial of an inculpatory statement made by petitioner to police was in violation of the Fifth Amendment because the statement was not voluntarily made, but instead was given under the pressure of promises by the police that they would give petitioner the heroin he needed at that time if he would give them a confession. (2) Petitioner was denied due process in the conduct of his trial because the trial court failed to inquire into petitioner's competency to stand trial, even though it knew that petitioner had been addicted to narcotics at a time prior to the trial.

The evidentiary hearing which I granted in this case was limited to the question of whether petitioner, as a result of his alleged use of narcotics during his trial, was unable to understand the nature of the charges against him and was unable to assist his counsel during the course of trial. Ruling was reserved as to whether petitioner is entitled to a hearing regarding his allegation that his confession was inadmissible because it

was the result of physical and psychological coercion.

■■ The constitutional requirement that in some circumstances a defendant is entitled as a matter of due process to a hearing on his competency to stand trial was brought to light in Pate v. Robinson, 383 U.S. 375, 384–386, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). That case made clear that a certain quantum of evidence pointing toward present incompetency imposes upon the trial judge the constitutional duty to conduct a hearing as to the accused's competency. The standard of competency was stated in Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960):

> "[T]he 'test must be whether [the accused] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'"

The question which *Robinson* and *Dusky* require to be answered here is whether sufficient evidence of incompetency was before the trial judge so that his failure to conduct a competency hearing constituted an abuse of his discretion in the conduct of the proceedings and a denial of petitioner's constitutional right to a fair trial.

■ It is clear that a factual inquiry is necessary in order for this question to be answered. In the recent case of Heard v. United States, 263 F.Supp. 613, 617–618 (D.D.C.1967), it was held that

> "insufficient evidence of mental incompetency existed at trial to raise a *bona fide* doubt requiring the trial court judge *sua sponte* to order a hearing."

The *Heard* decision is very close to the present case factually and in the legal issues presented. *Heard* involved a conviction for a narcotics violation, and the issue was raised there as to whether the accused's "recognized addiction to narcotics and other indications of mental aberration" required the trial court to order a competency hearing irrespective of the absence of any request. The court

in *Heard* denied the motion under § 2255, finding that the petitioner had not presented enough evidence to raise a *"bona fide* doubt" of his competency. This standard of bona fide doubt appears to have been taken by the court from the Supreme Court opinion in Pate v. Robinson, 383 U.S. 375, at 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Although it is not fully clear that the Supreme Court intended to offer this as a standard, it appears to be an apt way of describing the factual determination which the trial judge must make in these cases.

In *Heard* the factual material presented by petitioner was held to amount to nothing more than

> "the bare fact of his recognized addiction to narcotics over a long period of years and certain nebulous allegations that his behavior at trial evidenced incompetency." 263 F.Supp. at 616.

This was not considered enough to justify a requirement that a competency hearing be held. The conduct of the accused in submitting to his attorney and the judge a list of doctors whom he desired to subpoena was described by the court as "action [which] demonstrated a reasonable degree of rational understanding both as to the proceedings against him and as to the tactical presentation of an insanity defense." Id. at 617.

In United States v. Tom, 340 F.2d 127 (2d Cir. 1965), a very similar result was reached, also on a narcotics conviction which was being attacked on a § 2255 motion. The court found, in a decision which antedated Pate v. Robinson, that the petitioner had failed to present evidence sufficient to indicate incompetency. The court said,

> "It appears not to be disputed that Tom was taking narcotics at the time of the trial. But the record does not show, and we have no reason to believe, that the use of narcotics *per se* renders a defendant incompetent to stand trial."

Presumably if this decision had been subsequent to Pate v. Robinson, it would have held that proof of narcotics addic-

tion is not sufficient evidence in itself to require the trial judge in all cases to conduct a competency hearing.

In Hansford v. United States, 124 U.S. App.D.C. 387, 365 F.2d 920, 923 (1966), the court came to the following conclusion:

> "We believe the record in this case demonstrates, as did that in Pate v. Robinson, a sufficient likelihood of incompetence to have imposed on the trial court a duty to inquire into [the defendant's] competency. This is not, of course, to say that a defendant under the influence of narcotics is necessarily incompetent."

The court went on to say that a competency hearing should have been held, under the circumstances of the case, to see what the exact effects of narcotics use on the particular defendant had been. I do not find the court to be saying that a hearing is required whenever any evidence at all of narcotics use is present. Rather, I find the court to have made a factual determination that the "uncontradicted testimony that [this defendant's] memory and other intellectual functions became severely impaired when he was under the influence of narcotics," id. at 924, was enough evidence to require such a hearing.

 In *Hansford,* as in Pate v. Robinson, the evidence presented which was so highly pertinent to the defendant's present competency was offered for the purpose of establishing the defense of insanity. Extensive evidence of the particular defendant's mental characteristics thus was the basis for the courts' conclusions in both cases that a hearing was constitutionally required. Further showing that the court in *Hansford* was not stating a per se rule in cases of narcotics addiction is the court's belief

> "that a competency hearing is constitutionally required if it appears that a defendant may be suffering from withdrawal symptoms during trial."
> Id. at 923.

It thus is clear that substantial evidence of the accused's incompetency, when pre-sented as part of an insanity defense, requires the trial judge to conduct a hearing even if the defendant's demeanor is not suggestive of incompetency. However, if the defendant's demeanor is questionable, suggesting difficulties such as withdrawal symptoms, the duty can arise on the trial judge even in the absence of other evidence.

 In the present case I find that there was neither enough evidence offered at the trial to raise "a substantial doubt regarding the defendant's competency," id., nor was there anything in petitioner's demeanor or conduct during the proceedings which raised the necessary degree of doubt. A reading of the transcript of the trial and the evidence offered at the hearing before me are fully convincing on this point.

It appears that petitioner was in fact addicted to the use of heroin prior to trial. The Federal Narcotics Agents, and the U. S. Attorney, were aware prior to the trial that petitioner claimed to be a heroin addict. Petitioner testified that he was using narcotics continuously during the trial and was giving himself six or seven injections each day; this testimony was not corroborated by any other witness. Petitioner also testified that he secured medicine from one of his doctors to use during the trial to relax him. There is nothing in the transcript of the trial, however, which refers to the fact that the petitioner may have been using narcotics during the trial. Brief references do appear in the record to petitioner's statement to the police that he had obtained the heroin to supply his own addiction. At the most these references could have put the court on notice that the defendant had been an addict in the past. They did not indicate that petitioner continued to use narcotics after his arrest or was still using them. The present case is thus distinguishable from Pate v. Robinson and *Hansford* because in those cases evidence relating to incompetency was extensive while in this case the references to drug use—not even explicitly to in-

competency—are almost passing in nature.

Petitioner claims that he became drowsy during the trial and suffered from sweating and stomach-ache. No statement appears in the transcript by the defendant or his counsel requesting a recess or calling the court's attention in any other way to the defendant's condition. Insofar as the record of the trial goes, nothing occurred during the trial that would have prompted the court to make any inquiry as to the defendant's competency or his physical condition.

Petitioner's statement as to his condition during the trial is directly refuted by the testimony of his own attorney, Mr. Golding, who represented him during the trial. Mr. Golding testified that petitioner's appearance at trial was very much as it was at the time of his hearing, at which petitioner appeared to be a normally healthy individual and reasonably alert. Additionally, the attorney testified that petitioner conversed with him at counsel table, during recesses and at lunch, and discussed particular jurors with him during the selection of the jury. The question of whether or not petitioner would take the stand was also discussed. None of the physical conditions which medical testimony associated with withdrawal symptoms was observed by Mr. Golding, who sat next to petitioner at counsel table.

■ Mr. Golding's testimony strongly indicates that petitioner's condition, whether or not he was in fact using narcotics during the period of the trial, was not such as to put the judge on notice that petitioner was in any way hindered in participating in his own defense. Although objections were raised as to the admissibility of Mr. Golding's testimony against his former-client, petitioner, I believe the testimony was properly allowed, subject to the limitation of the attorney-client privilege that no revelation of the substance of any communications between Mr. Golding and petitioner was permitted. This type of testimony has recently been allowed in a number of cases, and would seem to be a practical necessity in order for an evidentiary hearing to be complete and accurate when a motion to vacate sentence is brought on the ground of incompetency to stand trial. See United States v. Kendrick, 331 F.2d 110, 113–114 (4th Cir. 1964); United States v. Tom, supra, 340 F.2d at 128. But see Gunther v. United States, 97 U.S.App.D.C. 254, 230 F.2d 222 (1956).

Even assuming that Mr. Golding's testimony should not have been heard or believed, there is other evidence which independently indicates that petitioner's condition at trial was that of a man competent to stand trial, or at least was not that of a man so evidently incompetent that the trial judge should have noticed it. Petitioner's own testimony indicated that he contacted Mr. Golding in Texas by telephone and hired him to represent him, that he drove to the airport in Chicago and met Mr. Golding upon arrival, that he drove to court each day, that he engaged in a variety of gambling activities at night during the trial, and that he even did some real estate promotional work. This testimony obviously does not indicate directly what condition petitioner was in when he actually was in the courtroom, but the inference can be drawn that the normality of his conduct outside the courtroom was paralleled by normal conduct within the courtroom. The testimony of one of the prosecutors of petitioner indicated further that petitioner's appearance at trial was in no respect unusual or indicative of anything other than a normal, healthy individual. Similar testimony was given by a former narcotics agent who had testified for the prosecution at the trial.

On the basis of this testimony, either with or without the testimony of Attorney Golding, and on the basis of the trial record itself, I find that insufficient evidence of mental incompetency existed at trial to raise a substantial, bona fide doubt of petitioner's competency. Accordingly, there was no duty on the trial court to conduct an inquiry on its own motion, and there was no constitutional prejudice to petitioner in the

court's failure to do so. No real likelihood was raised that petitioner was in fact incompetent to stand trial, so the trial court's conduct was wholly proper in this regard. It appears clear to me that, even though petitioner may have been addicted and using drugs during the trial, he nevertheless retained sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and also had a rational, and factual, understanding of the proceedings.

Having concluded that a competency hearing was not required, and that petitioner was competent at his trial, it remains only to rule on the allegation that it was an error of constitutional dimensions for the trial judge to admit into evidence petitioner's inculpatory statement. Defendant claims that this statement was given by him under the pressure of the promises of the police officers who had him in custody to permit him to administer his needed injection of heroin in return for his statement. At the trial the only objection made by petitioner to the admission of the statement was that it was given after petitioner was under arrest and while he was without an attorney. Counsel not only did not object on the grounds of voluntariness, but he even explicitly agreed that the statement was voluntary or that he was willing to assume it to be so. In the appeal taken by him, petitioner made no challenge of any kind as to the admissibility of his statement.

 Because no objection to the admissibility of petitioner's statement to the police was raised on the ground of involuntariness at trial, it is highly unlikely that the point would have been reviewed by the Court of Appeals on direct appeal even if it had been raised then.

"Generally speaking, appellate courts will not recognize or determine assigned errors not previously brought to the attention of the trial court. This rule is, among other reasons, designed to effectuate the orderly administration of justice and is founded upon sound reasoning. * * * However, Rule 52(b) of the Federal Rules of Criminal Procedure provides that 'Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' By judicial interpretation this Rule has been read to mean not brought to the attention of the trial court. United States v. Raub, 7 Cir., 177 F.2d 312.

"The application of Rule 52(b) rests, in large measure, upon the exercise of our sound judicial discretion. United States v. Jonikas, 7 Cir., 187 F.2d 240; United States v. Williams, 2 Cir., 146 F.2d 651. Even prior to the adoption of Rule 52(b), the Supreme Court gave some indication of when the discretion should be exercised in favor of review in these words: 'In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, * * * notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings.' United States v. Atkinson, 1936, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555." United States v. Jones, 204 F.2d 745, 748–749 (7th Cir. 1953). Accord, Blackshear v. United States, 102 U.S. App.D.C. 289, 252 F.2d 853 (1958); United States v. Vasen, 222 F.2d 3 (7th Cir. 1955); United States v. Childress, 347 F.2d 448 (7th Cir. 1965); cf. Evans v. United States, 377 F.2d 535, 537 (5th Cir. 1967).

It is plain that there was nothing in the record of petitioner's trial which could have demonstrated "plain errors or defects affecting substantial rights" with regard to the voluntariness question.

 It is also clear that the failure to object at trial prevents a collateral attack on the admissibility of the confession by means of the present § 2255

motion. The general rule which requires this result is as follows:

> "If the failure to move for suppression of evidence operates as a waiver which precludes relief on direct appeal, it is our view that such failure forecloses relief by way of collateral attack under Section 2255." Kapsalis v. United States, 345 F.2d 392, 394 (7th Cir. 1965).

Actual review here would be inappropriate even if the issue could have been raised on appeal. See Franano v. United States, 303 F.2d 470, 472 (8th Cir. 1962). The language of the court in United States v. Walker, 197 F.2d 287, 288 (2d Cir. 1952), is also particularly relevant here:

> "Assuming that the evidence could have been suppressed by proper motions before or during the trial, it is extremely doubtful that objection to the evidence can be raised at this late date by motion under 28 U.S.C.A. § 2255. Such a motion cannot ordinarily be used in lieu of appeal to correct errors committed in the course of a trial, even though such errors relate to constitutional rights. No exceptional circumstances are apparent which might justify relaxation of the above stated general rule." See Vincent v. United States, 361 F.2d 474, 476 (8th Cir. 1966); Hodges v. United States, 108 U.S.App.D.C. 375, 282 F.2d 858 (1960); United States v. Haywood, 208 F.2d 156 (7th Cir. 1953).

I find no "exceptional circumstances" in this case which would justify a consideration of the confession issue at this time. Petitioner was competent at the time of trial, or at least he was not shown to be incompetent, and there was no deprivation of his constitutional rights with regard to the trial judge's duty to inquire into his present ability to stand trial and defend himself. There is thus no reason apparent to me why the voluntariness issue was not raised before. Under these circumstances petitioner cannot at this late date raise this issue for the first time in this Section 2255 proceeding.

For the foregoing reasons, the petition to vacate the sentence must be denied. An order to this effect has been entered today.