Matthew **PALMIERI**, Petitioner,

v.

**UNITED STATES** of America,
Respondent.

No. 67 Civ. 3687.

United States District Court
S. D. New York.

June 12, 1968.

Matthew Palmieri, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, for respondent; Paul B. Galvani, Asst. U. S. Atty., of counsel.

## OPINION

HERLANDS, District Judge:

Petitioner, Matthew Palmieri, moves pursuant to 28 U.S.C. § 2255 [1] to vacate the judgment of conviction and sentence imposed upon him on February 13, 1962 for violating the federal narcotics laws.

He also moves to disqualify the Court from deciding this § 2255 application on the grounds that "the Judge is biased or prejudiced against me and further that I will definitely call Judge Herlands as a witness to appear and testify in my behalf at the proposed forthcoming hearing. * * * " (Affidavit of Matthew Palmieri, sworn to February 13, 1968, p. 2.)

In addition, petitioner seeks discovery and inspection of the pre-sentence report. For the reasons hereinafter set forth petitioner's motions are denied in all respects.

Petitioner and nineteen others were charged in a thirty-count indictment, filed May 22, 1961 (61 Cr. 527), with violations of the federal narcotics laws. Palmieri was named as a defendant in the first count, the conspiracy count, and the fifth count, a substantive count.

After a two-month trial, he was convicted by a jury on December 27, 1961. He was sentenced by this Court on February 13, 1962 for a term of twenty

1. "§ 2255. *Federal custody; remedies on motion attacking sentence.*

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement

of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

years' imprisonment. The conviction was affirmed by the United States Court of Appeals for the Second Circuit on November 8, 1962; and the Supreme Court denied certiorari on April 1, 1963. United States v. Agueci, 310 F.2d 817 (2d Cir. 1962), cert. denied sub nom. Guippone v. United States, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963).

### I

Petitioner seeks to overturn his conviction on the ground that he was incompetent at the time of trial and, therefore, could not rationally consult with counsel and understand the proceedings. He asserts that he had a long history of drug addiction prior to trial, for which he was committed to the United States Public Health Service Hospital in Lexington, Kentucky, in 1945 and that, during trial, he was intermittently "sleepy", "drowsy", "on the nod", "lethargic" and "stuporous" as a result of taking dolophine pills and sniffing heroin. In petitioner's opinion, his conduct during trial was such that it must have been noticeable to anyone present in the Court.

■ Petitioner's contention that he was mentally incompetent at the time of trial is not supported by any factual and corroborative material. None of petitioner's assertions is substantiated either by competent psychiatric analysis or by any affidavit of his attorney or a psychiatrist. Conclusory allegations— unsupported by evidentiary facts—that petitioner was a narcotics addict and, therefore, mentally incompetent to stand trial are plainly insufficient to require a § 2255 hearing. Wheeler v. United States, 340 F.2d 119, 121 (8th Cir. 1965); Burrow v. United States, 301 F.2d 442, 443 (8th Cir.), cert. denied, 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962); Mirra v. United States, 255 F.Supp. 570, 582 (S.D.N.Y.1966), aff'd, 379 F.2d 782 (2d Cir. 1967); United States v. Molino, 240 F.Supp. 332 (S.D. N.Y.1965); Trimmings v. United States, 67 Civ. 3608 (S.D.N.Y. April 8, 1968) (not officially reported).

The Court has thoroughly examined and reviewed the extensive trial record in this case. In addition, the Court was able to observe carefully the petitioner during a lengthy trial. No mention was made at trial that petitioner was suffering from any mental difficulty. Nothing occurred at trial that casts any *bona fide* doubts on petitioner's competency to stand trial. Heard v. United States, 263 F.Supp. 613, 617–618 (D.D.C.1967); Howell v. United States, 282 F.Supp. 246, 248–250 (N.D.Ill. 1968).

At the time of sentence, petitioner stated for the first time that he was "going crazy" during the trial. (Trial Record, p. 7498). The Court, relying on the pre-sentence report, made the following statement:

> "THE COURT: Now, according to the information available to me he [petitioner] was committed on November 3, 1944, to serve a term of two years and six months on the last narcotics case, and he was sent to Lexington because he gave a history of opium smoking. However, it is believed that the defendant [petitioner] told his story in order to do his time at Lexington rather than at Milan, Michigan, and the prison authorities stated that each time he had been at the Federal house of detention nothing has been found to indicate that he is or has been a user of narcotics, * * *."
> (Trial Record, pp. 7497–7498.)

■ Petitioner's unsubstantiated self-serving declaration does not mandate that the Court hold a hearing on his competency, particularly in view of the evidence to the contrary. Heard v. United States, supra. What Judge MacMahon said in a somewhat different though analogous factual context is apposite:

> "Bare allegations that for a period of time preceding the chair-throwing incident, petitioner felt annoyed, tense, irritated, needled and quarrelsome, and that he suffered from constant headaches and nervous tension are patently insufficient to require a hearing concerning petitioner's mental

competency to stand trial. [citations omitted]. Indeed we would be seriously concerned about petitioner's mental competency if, confronted by a probable twenty years in prison, he did not experience considerable worry." Mirra v. United States, supra, 255 F.Supp. at 582.

It is clear that the "application, files and records of the case alone," conclusively show that petitioner's claims are without merit. Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963).

■ Moreover, petitioner did not raise the issue of his competence on direct appeal. Petitioner may not use § 2255 to litigate questions which were by-passed on direct appeal either intentionally or through inexcusable neglect. Mirra v. United States, supra, 379 F.2d at 786; United States v. Re, 372 F.2d 641, 645–646 (2d Cir.) (Waterman, J. concurring), cert. denied, 388 U.S. 912, 87 S.Ct. 2112, 18 L.Ed.2d 1352 (1967); United States v. Marchese, 341 F.2d 782, 789 (9th Cir.), cert. denied, 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965); Matysek v. United States, 339 F.2d 389, 391 (9th Cir. 1964), cert. denied, 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965); Medrano v. United States, 315 F.2d 361, 362 (9th Cir. 1963); Stein v. United States, 313 F.2d 518, 522 (9th Cir. 1962), cert. denied, 373 U.S. 918, 83 S.Ct. 1307, 10 L.Ed.2d 417 (1963); United States v. Jenkins, 281 F.2d 193 (3d Cir. 1960).

■ Because the question of petitioner's competency was raised at the time of sentencing and not pursued on direct appeal, he is foreclosed from presenting it on collateral attack.

Petitioner's § 2255 application is denied without a hearing.

## II

■ Petitioner moves, pursuant to 28 U.S.C. § 455,[2] to disqualify the Court on the ground that the Court will be a material witness at the evidentiary hearing to be held on the § 2255 application.

28 U.S.C. § 455 requires disqualification of the trial judge only if he *is* a material witness. United States v. Hughes, 325 F.2d 789, 792–793 (2d Cir.), cert. denied, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178 (1964). Because the Court has determined that a hearing on the § 2255 application is not required, no one is a material witness. United States v. Re, supra, 372 F.2d at 645; Mirra v. United States, supra, 255 F.Supp. at 583.

■■ Petitioner also moves, pursuant to 28 U.S.C. § 144,[3] to disqualify the Court on the ground that the Court has a personal bias or prejudice against him. This application is based upon the Court's statement, at the time of sentencing, with regard to the contents of the pre-sentence report. The report noted that *no evidence had been found by the* prison authorities which would indicate that petitioner was a user of narcotics.

Petitioner has failed to meet the statutory requirement of setting forth facts and reasons for his belief that bias or prejudice exists and, instead, has pre-

2. "§ 455. *Interest of justice or judge* Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness * * *."

3. "§ 144. *Bias or prejudice of judge* Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

sented mere conclusions. The Court's statement at the time of sentencing was "relevant judicial opinion" and showed no extra-judicial or personal bias or prejudice. United States v. Birrell, 262 F.Supp. 97, 100 (S.D.N.Y.1967). The expression of opinions formed as a result of the evidence and observed conduct before the Court may not serve as the predicate for disqualification based on alleged bias or prejudice. United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); Berger v. United States, 255 U.S. 22, 31, 41 S.Ct. 230, 65 L.Ed. 481 (1921); United States v. Birrell, 276 F.Supp. 798, 810 (S.D.N.Y.1967).

Petitioner's motion to disqualify the Court is hereby denied.

### III

■ Petitioner seeks discovery and inspection of the pre-sentence report in order to "refute these respective reports by the reports currently on file in the Federal prisons where he is and was previously confined during prior and present incarceration." (Affidavit of Matthew Palmieri, sworn to January 9, 1968, p. 2.)

Fed.R.Crim.P. 32(c) (2) provides in relevant part:

> "* * * The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. * * *"

This rule permits the sentencing court, in the exercise of its sound discretion, to disclose all or part of the pre-sentence report. While the Court of Appeals for the Second Circuit has favored a "liberal and generous use of the power to disclose," it has also recognized the importance of protecting the sources of the information given to the probation officer. United States v. Fischer, 381 F.2d 509, 512–513 (2d Cir. 1967), cert. denied, 390 U.S. 973, 88 S.Ct. 1064, 19 L.Ed.2d 1185 (1968).

In the present case, the Court in its statement at the time of sentence has already disclosed all the information relevant to petitioner's alleged drug addiction and his mental competency, which is contained in the pre-sentence report. Any other information found in the pre-sentence report is in no way germane to petitioner's .claim that narcotics made him incompetent to stand trial.

Petitioner's motion for discovery and inspection of the pre-sentence report is hereby denied.

Petitioner's motions for discovery and inspection of the pre-sentence report and to disqualify the Court are denied. Petitioner's motion to vacate sentence is denied without a hearing.

So ordered.