**Vito AGUECI, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 68 Civ. 3768.**

United States District Court
S. D. New York.

Nov. 7, 1969.

Vito Agueci, pro se.

Robert M. Morgenthau, U. S. Atty., by Wm. B. Gray, Asst. U. S. Atty., for respondent.

## OPINION

EDELSTEIN, District Judge.

The petitioner, Vito Agueci, on December 27, 1961, was found guilty after a trial by jury on two counts of an indictment which charged violation of and conspiracy to violate federal narcotics laws, 21 U.S.C. §§ 173, 174. This conviction was affirmed on appeal, United States v. Agueci, 310 F.2d 817, 99 A.L.R.2d 478 (2d Cir. 1962), cert. denied Guippone v. United States, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963). Petitioner was sentenced to serve fifteen years concurrently on each count and he is presently serving that sentence. He now brings this motion *pro se* under 28 U.S.C. § 2255 to set aside his sentence and has asked that he be granted a hearing on his contentions.

Petitioner alleges four grounds upon which he claims his sentence should be set aside: (1) the prosecution was based on information which was presented to federal authorities by state officers who had gathered this information through the use of unlawful wiretaps; (2) he was denied due process of law because he did not understand all the proceedings against him since he is not conversant in the English language and the interpretation facilities (a single interpreter whose services were shared by several of the defendants) made available to him at the trial were inadequate; (3) he was denied due process of law "by the machination and manipulations of the State and Federal authorities in their using some of the defendants to inform on others promising clemency if they cooperated"; and, (4) he was denied a fair trial because of the publicity the trial attracted.

The first and fourth grounds for petitioner's motion, having been raised on prior occasions, may best be considered together.

As already indicated, petitioner charges that his conviction is tainted because the original information gathered in the case against him was the result of the employment of wiretaps by state authorities who then passed the information on to federal agents. The issue of whether information gathered in this manner was ever shared with federal agents was exhaustively explored in a hearing held by the trial court. Thereupon that court concluded that "The record on that issue overwhelmingly supports and sustains the prosecution's contentions. * * * The Federal Government's case against these convicted defendants was completely free from the taint of wire tapping." This issue was also raised specifically on direct appeal and the trial court's decision in this regard was affirmed. 310 F.2d 817, 834.

Petitioner's claim that prejudicial publicity prevented him from receiving a fair trial is completely unsupported. Agueci does not specify the particular prejudicial items nor does he even describe in general terms the prejudicial nature of that publicity. An examination of the record of the case reveals, however, that the issue of prejudicial publicity was raised at least twice during the trial: first, with regard to a newspaper article about the general problem of narcotics and crime; and, second, when the press, radio, and television reported the murder of petitioner's brother, a named codefendant who at the time was a fugitive. In both instances the record indicates that the trial court was very diligent in taking all appropriate measures necessary to protect the petitioner's rights, even including an exhaustive examination of each juror as to any possible prejudice resulting from the second item of publicity. Furthermore, the issue of prejudicial publicity arising out of the report of the murder of petitioner's brother was also raised specifically on direct appeal, and the Court of Appeals ruled that "the nature of the publicity was such that, when conjoined with the trial judge's cautionary instructions, no prejudice resulted to defendant Vito Agueci or to his codefendants." 310 F.2d 817, 832.

■ The petitioner has failed utterly to present any new facts or reasons which cast any doubt or raise any question concerning the previous dispositions made as to the wiretapping and prejudicial publicity issues. Nor can this court independently find anything in the record of this case which would warrant a reconsideration of these issues at this time. In this posture the court has no alternative except to apply the well settled rule that a section 2255 motion cannot be used to relitigate questions which were raised and considered on direct appeal. E. g., Panico v. United States, 412 F.2d 1151, 1154 (2d Cir. 1969); Castellana v. United States, 378 F.2d 231, 233 (2d Cir. 1967).

■ Turning now to the other grounds for relief set out in petitioner's motion papers, petitioner contends that he was unable to understand all of the proceedings against him because he was forced to share with his codefendants the services of a single interpeter. The record, however, is devoid of any indication that in fact the interpretation facilities were inadequate. On the contrary, the trial court found the interpreter to be qualified and petitioner's counsel himself expressed satisfaction with the manner in which the interpreter was to serve throughout the course of the trial. Moreover, a perusal of petitioner's testimony at the trial does not reveal any difficulty of communication between the petitioner, the attorneys, and the court. Petitioner had ample opportunity during the trial to make known any deficiencies in the interpretation, but he never made an objection in this regard. Finally, Agueci does not allege that he failed to understand any of the proceedings that were actually relevant to his defense and consequently does not state how he might have been prejudiced by his failure to understand any particular portion of the proceedings.

■ The petitioner has also failed either to define or give any details in support of his contention regarding the testimony of his accomplices. The record reveals that the two principal prosecution witnesses against petitioner, Rinaldo and Palmieri, were his co-conspirators. There is no allegation in the petition that any government officials knowingly proffered perjured testimony or engaged in any other specified impropriety. Rinaldo and Palmieri had neither been joined as codefendants in this prosecution, nor had they, at th time of peitioner's trial, been sentenced as yet on charges to which they, at the time of petitioner's trial, been sentenced as yet on charges to which they had previously pleaded guilty in a state court. These facts, though, were known to petitioner's counsel and he commented on them in his closing argument to the jury. The petitioner has

characterized the use of the testimony of Rinaldo and Palmieri as representing the "machination and manipulations of the State and Federal authorities;" but bald, unsupported assertions such as these and the ones made by petitioner in support of his contentions involving the adequacy of the interpretation facilities are insufficient as a matter of law to warrant relief under section 2255. Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); United States v. Angelet, 255 F.2d 383 (2d Cir. 1958), Palmieri v. United States, 286 F.Supp. 520, 522 (S.D.N.Y.1968); United States v. Molino, 240 F.Supp. 332 (S.D.N.Y. 1965); *see* Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

■ Also with regard to the contentions relating to the adequacy of the interpretation facilities and the use of the testimony of co-conspirators, there is no indication that these matters could not have been raised on direct appeal, nor why they were not raised, if such was the case. Petitioner was fully represented by counsel both at trial and at appeal. The factual basis for these issues was certainly known to the petitioner and his counsel and this court is not aware of any change in the law with regard to these matters which could have affected a decision as to whether or not to appeal on these grounds. Petitioner cannot now use section 2255 as a device by which he can unjustifiably by-pass normal appellate procedures. Mirra v. United States, 379 F.2d 782, 786 (2d Cir. 1967), cert. denied 389 U.S. 1022, 88 S.Ct. 593, 19 L. Ed.2d 667 (1967); Palmieri v. United States, *supra,* 286 F.Supp. at 523.

After careful consideration of the petitioner's motion, together with a review of the record of all the proceedings, this court concludes for the reasons stated that a hearing is not required. The petitioner has failed completely to demonstrate to the court that he is entitled to the relief he seeks. His motion is denied in all respects.

So ordered.