Frank HORTON, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 17261, 17540.

United States Court of Appeals District of Columbia Circuit.

Argued March 26, 1963.

Decided April 18, 1963.

596

Mr. Richard Arens, Washington, D. C., with whom Mr. Rufus King, Washington, D. C. (both appointed by this court) was on the brief, for appellant. Messrs. Marvin Garbis, Washington, D. C., and Ronald L. Lenkin, West Hyattsville, Md., were also on the brief for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Alfred Hantman, Asst. U. S. Attys., were on the brief, for appellee.

Mr. Nicholas N. Kittrie, Washington, D. C., filed a brief on behalf of Lawrence Kolb, M.D., et al., as amici curiae, urging reversal.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

■ Appellant was convicted on both counts of an indictment alleging violations of the narcotics statutes.[1] On trial his sole defense was insanity based on drug addiction. Two psychiatrists testified that appellant was without mental disease, three psychiatrists testified that appellant's acts were the product of mental disease, and one psychiatrist testified simply that appellant was mentally ill. Thus a jury issue was presented on the issue of criminal responsibility. McDonald v. United States, 114 U.S.App. D.C. 120, 312 F.2d 847 (1962).

■ However, we find error which requires a new trial. Prior to trial appellant, pursuant to 18 U.S.C. § 4244, was committed to St. Elizabeths Hospital for mental examination. Based on the hospital report of the examination which concluded: "We find no evidence of mental disease existing at the present time nor on or about December 15, 1961," the court found appellant competent to stand trial. 18 U.S.C. § 4244, in addition to authorizing hospital commitment to determine mental competence, provides:

"* * * A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury."

During the trial, in the presence of the jury, the court, in answer to defense counsel's objection to the prosecutor's line of cross-examination of a defense psychiatric witness, stated:

"It is a fact that the hospital has certified and you have a copy of it, I know, Mr. Arens, that this man is competent to stand trial and there is no mental disease."

Immediate motion for mistrial was made and denied. The court, then and later in its charge, instructed the jury to dis-

1. 68A Stat. 550, as amended, 68 Stat. 1004, 26 U.S.C. § 4704(a), and 35 Stat. 614, as amended, 21 U.S.C. § 174.

regard its statement since "the standard for legal competency to stand trial and the test of sanity for criminal responsibility are two entirely different and unrelated matters."

While it is true generally that a court's instruction to the jury to disregard irrelevant information is presumed obeyed, in the peculiar circumstances of this case we cannot with assurance say that the error here was thus made harmless.[2] The claim of narcotics addiction as a

mental illness was appellant's principal defense. On this issue the testimony was in conflict and was, therefore, properly submitted to the jury. In this context the court's well intended and repeated efforts to overcome the effect of the inadvertent reference to competency to stand trial would tend to emphasize [3] rather than eradicate what 18 U.S.C. § 4244 commands the jury must not be told.

Remanded for a new trial.

---

2. See Marshall v. United States, 360 U.S. 310, 312, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959). See also Taylor v. United States, 95 U.S.App.D.C. 373, 378, 222 F. 2d 398, 403 (1955), and Durham v. United States, 99 U.S.App.D.C. 132, 237 F.2d 760 (1956). Compare Lyles v. United States, 103 U.S.App.D.C. 22, 28–

29, 254 F.2d 725, 731–732 (1957), cert. denied, 356 U.S. 961, 78 S.Ct. 997, 2 L. Ed.2d 1067 (1958).

3. Compare Stewart v. United States, 366 U.S. 1, 10, 81 S.Ct. 941, 6 L.Ed.2d 84 (1961).