**Chrisp HEARD, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20325.**

United States Court of Appeals District of Columbia Circuit.

Argued May 9, 1967.

Decided Feb. 7, 1968.

Mr. William H. Allen, Washington, D. C., with whom Mr. Peter J. Nickles, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Theodore Wieseman, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Miss Judith Ann Wilson, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and LEVENTHAL, Circuit Judge.

PER CURIAM:

Appellant was convicted of narcotics offenses in 1963. On direct appeal, this court affirmed the conviction, with one judge dissenting. Heard v. United States, 121 U.S.App.D.C. 37, 348 F.2d 43 (1965). A petition for rehearing en banc was denied, with four judges dissenting.

In 1966 appellant moved to vacate sentence under 28 U.S.C. § 2255. He contended that (1) the trial judge erred in not holding a competency hearing sua sponte before trial or after viewing appellant's conduct at trial; and (2) he received ineffective assistance of counsel at trial. Without holding a hearing, the district court denied the first contention on the merits. The second contention was rejected on the ground that it had been heard and determined adversely to petitioner on direct appeal. Heard v. United States, 263 F.Supp. 613 (D.D.C. 1967).[1]

We do not agree that the ineffective assistance of counsel issue was heard and determined previously. The district court relied on the following: On the denial of Heard's petition for rehearing en banc of his direct appeal, the Chief Judge made reference to some apparent deficiencies in trial counsel's presentation of the insanity defense. 121 U.S.App. D.C. at 44–45, 348 F.2d at 49–51. The panel majority then amended its previously issued opinion by adding a footnote stating that "[t]he majority of this court do not * * * share Judge Bazelon's view that trial counsel's performance was deficient." 121 U.S.App.D.C. at 40 n. 7, 348 F.2d at 46 n. 7. But this belated exchange does not establish that the issue was heard and determined previously. There was no reference whatsoever to the issue in the original opinion of the panel majority nor was it raised in the briefs or argument on appellant's direct appeal. Under these circumstances, we think the issue did not receive the kind of full consideration that forecloses inquiry under § 2255 when a constitutional right is asserted. See Sanders v. United States, 373 U.S. 1, 16–17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Townsend v.

1. The dissent points out that the district court had previously denied, without a hearing, appellant's pro se petition alleging ineffective assistance of counsel. But in the decision being appealed here, the district court relied solely on the ground that the contentions had been heard and determined on the direct appeal from the conviction. See 263 F. Supp. at 615.

Sain, 372 U.S. 293, 317–318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). There was no submission of this issue by an attorney who was charged with appellant's defense [2] and duty bound both to examine the record attentively and marshal such evidence outside the record as may be available.

■ We believe § 2255 requires a hearing on whether appellant's court-appointed counsel provided ineffective assistance. Appellant's major defense was insanity. But, as described below, counsel presented that defense in such a way that the trial court deemed it unnecessary to give an insanity instruction.

Counsel's presentation consisted chiefly of hypothetical questions to psychiatrists which were unrelated to the charges and evidence against appellant. Counsel asked his three psychiatric witnesses whether the behavior controls of an addicted person would be impaired with respect to the *purchase* of narcotics. The trial judge himself had to point out that Heard was charged with *sale* of narcotics. Counsel said he would "relate this up at a later time," but he never did. More significantly, counsel framed all his questions in terms of a deprived addict's need for a "fix," when it was clear from the record that, at least at the time of the alleged offense, appellant had plenty of heroin. Thus, on appeal, this court concluded that "[t]he psychiatric testimony upon which appellant chiefly relies concerning capacity for control was premised on hypothetical facts not supported by evidence in this record, i. e., evidence of deprivation of heroin at the time of the offense." 121 U.S.App.D.C. at 39–40, 348 F.2d at 45–46.

Counsel elicited no information about appellant's personality structure or mental condition, although hospital reports were available. There was no meaningful exploration of Heard's addiction process.

There was no explanation of the relationship of drug addiction to mental disease. Yet two of the psychiatric witnesses, Dr. Dodds and Dr. Hamman, whose testimony on the questions put to them was brief and perfunctory, had testified extensively as to the relationship between drug addiction and mental illness in earlier cases.[3]

■ We are not to be understood as making a determination that there was ineffective assistance of counsel. That inquiry is the task of the district court in the first instance. There may be a justification for the manner in which the defense was presented. It appears, for example, that counsel had difficulty securing psychiatric witnesses and that appellant himself was often uncooperative. These and any other relevant factors should be considered. Moreover, the deficiencies of counsel, if any, may be shown by the evidence to fall short of gross incompetence. See Bruce v. United States, 126 U.S.App.D.C. 336, 379 F. 2d 113 (1967),

■ We do not decide whether the record would require a § 2255 hearing on appellant's claims regarding mental incompetency. But since further proceedings will take place in any event, we think the claims regarding mental incompetency should also be heard, particularly because an examination of appellant's ability to relate to counsel in 1963 may be helpful in assessing counsel's effectiveness.

■ If the district court finds that appellant received effective assistance of counsel, it must also decide whether he was entitled to a competency hearing at trial. If he was, the court must further determine whether a *nunc pro tunc* competency hearing is feasible at this late date or whether due process requires a new trial. See Fuller v. United States, —— U.S.App.D.C. ——, 390 F.2d 468 (Dec. 14, 1967); Dusky v. United States,

---

**2.** *Cf.* Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

**3.** See the transcripts in Horton v. United States, 115 U.S.App.D.C. 184, 317 F.2d

595 (1963) and Hightower v. United States, 117 U.S.App.D.C. 43, 325 F.2d 616 (1963), cert. denied 384 U.S. 994, 86 S.Ct. 1903, 16 L.Ed.2d 1009 (1966).

362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). It can make this determination by exploring whether there are relevant psychiatric reports extant from the period of the trial and whether the doctors involved can still testify knowledgeably about these reports. If a *nunc pro tunc* hearing is proper, the court should hold one. If it is not, the court should order a new trial. Dusky v. United States, *supra*; Blunt v. United States, 128 U.S.App.D.C. ——, 389 F.2d 545 (Dec. 12, 1967).

Reversed and remanded.

BASTIAN, Senior Circuit Judge (dissenting):

I would affirm the judgment of the District Court. In addition, I want to add a few comments about petitioner's contention of ineffective assistance of counsel.

The Chief Judge of the District Court, who tried this case, had the opportunity to observe the conduct of the trial and was better able than we, who have before us only the cold print of the proceedings, to evaluate the calibre of trial counsel's defense. Furthermore, from his vantage the District Judge correctly considered petitioner's contention in this respect, as is shown in his opinion:

> "The matter now at hand arose on January 26, 1966, when petitioner filed a pro se motion for vacation of sentence under 18 U.S.C. § 2255. Petitioner's motion made the single allega-tion that he had been deprived of his constitutional right to effective assistance of counsel with particular reference to the trial presentation of the insanity defense. *After consideration of the motion and the files and records of the case,* this Court denied the motion on May 16, 1966, without a hearing." [Emphasis added.] Heard v. United States, 263 F.Supp. 613, 614 (D.D.C. 1967).

This denial of the motion without a hearing was, in my opinion, clearly within the discretion granted by the statute and we should not disturb this discretion in the absence of impelling reasons, which I do not think exist in this case. It should be noted that the Supreme Court recognized this statutory discretion in Sanders v. United States, 373 U.S. 1, 3, 83 S.Ct. 1068, 1071, 10 L.Ed.2d 148 (1963), by paraphrasing the language of the statute:

> " '[A] prompt hearing' on the motion is required '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *.' "

Finally, the District Judge correctly considered himself bound by the majority opinion in the direct appeal of this case, 121 U.S.App.D.C. 37, 348 F.2d 43 (1965). Even though the issue of ineffective assistance of counsel was not raised by counsel for appellant in the original appeal, this court did consider the matter, and nothing new has been added by the pleadings in the present proceedings.