**UNITED STATES of America,**
**Appellee,**

v.

**Carl BRISCOE, Appellant.**

**No. 20028.**

United States Court of Appeals,
Eighth Circuit.

July 14, 1970.

---

Carl Briscoe, pro se.

Brief of appellee was filed by Robert G. Renner, U. S. Atty., Minneapolis, Minn., and Neal J. Shapiro, Asst. U. S. Atty.

Before VAN OOSTERHOUT, ME-HAFFY and LAY, Circuit Judges.

LAY, Circuit Judge.

Defendant has filed a direct appeal from his plea of guilty to possession of a firearm after having been convicted of a felony. 18 U.S.C.App. § 1202. At the time of his plea he appeared with retained counsel. Shortly thereafter he filed a pro se notice of appeal from the judgment and sentence. He appears here pro se having refused counsel on appeal.[1]

1. Defendant has filed a 94 page brief with the parting statement that he has only had a sixth grade education and is a "functional illiterate." We mention this because the points of error are difficult to comprehend and after a thorough study it becomes obvious that petitioner's lack of legal knowledge has led for the most part to a rambling discussion of frivolous issues.

Defendant was indicted under two counts, to-wit, the illegal sale of narcotics under 26 U.S.C.A. § 4704(a), and the illegal possession of a firearm under 18 U.S.C.App. § 1202. After a day of trial defendant's counsel informed the trial court that the defendant desired to plead guilty to illegal possession of a firearm and that under these circumstances the government would dismiss the narcotics charge.

The trial court accepted the plea of guilty and entered judgment and sentence on November 10, 1969. The sentence was for two years, to run consecutively with the sentence defendant was then serving in the state penitentiary. On November 13, 1969, defendant filed this pro se appeal.

Defendant raises seventeen points of error. His lack of understanding is apparent from his charge of error in the trial proceedings prior to the plea of guilty, as well as his claims of error which pertain only to the dismissed narcotics charge. His multitudinous charge of error seeks to circumvent the well established principle that his plea of guilty waives all alleged nonjurisdictional error.[2] Cantrell v. United States, 413 F.2d 629 (8 Cir. 1969); Hughes v. United States, 371 F.2d 694 (8 Cir. 1967).

On appeal he asserts only one point of substance which is not waived under his plea of guilty. He charges that his plea was not voluntarily made.[3] However, review on this issue meets fur-ther difficulty. Overlooked is the rule that the alleged involuntariness of the plea must first be presented to the trial court in a motion to withdraw the plea under Fed.R.Crim.P. 32(d). Cf. United States v. Cooper, 410 F.2d 1128 (5 Cir. 1969); Heard v. United States, 129 U.S. App.D.C. 100, 390 F.2d 866, 868 (Cir. 1968); Wilkins v. United States, 351 F. 2d 609 (5 Cir. 1965); Bush v. United States, 347 F.2d 231 (6 Cir. 1965); Marshall v. United States, 321 F.2d 897 (10 Cir. 1963); Flynn v. United States, 222 F.2d 541 (9 Cir. 1955). In the event the trial court disallows the withdrawal of the plea the defendant may then appeal on the record made and this court shall review the same. Initial presentment of a motion to the trial judge to withdraw a plea of guilty focuses attention on the fact that the trial court may weigh the testimony of the defendant and any other witnesses, including counsel present at the time of the plea. Allegations of coercive or psychological circumstances, ineffective assistance of counsel, illicit plea bargaining or other factual circumstances may be fully explored by the trial court. Upon appeal a complete record may then be available for appropriate review as to the exercise of the trial court's discretion in denial of the motion. Cf. Byes v. United States, 402 F.2d 492 (8 Cir. 1968) cert. denied 393 U.S. 1121, 89 S.Ct. 999, 22 L.Ed.2d 126 (1969); Hughes v. United States, 371 F.2d 694 (8 Cir. 1967). The only record presently before this court

---

2. Defendant claims inter alia there was not probable cause for his arrest or for the search and seizure of the narcotics and gun. He also asserts error on evidentiary rulings at trial, error in the trial court's denial of a bill of particulars, denial of severance, denial of his motion to discharge his retained counsel immediately before trial, error in the grand jury proceedings and defects in the indictment. It is true that an indictment may be attacked subsequent to a plea of guilty if it fails to allege an offense, but the record here discloses the indictment to be sufficient.

3. We assume interrelated to such a claim is his allegation that he had ineffective as-sistance of counsel. This latter charge can only be relevant to the voluntariness of the plea as it might affect defendant's understanding of the plea itself. In re Parker, 423 F.2d 1021 (8 Cir. 1970); Kress v. United States, 411 F.2d 16 (8 Cir. 1969). However, under a motion to withdraw a guilty plea, the exercise of mistaken judgment by counsel is not ground to successfully assert involuntariness of a plea. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. State of No. Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

is that contained in the guilty plea transcript. Therefore, we hold the issue of voluntariness of the guilty plea is not properly before us at this time.

■■ Even though not presented to the trial court it is nevertheless incumbent on this court to review the guilty plea proceeding as to its compliance with Fed.R.Crim.P. 11 and the requirements of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); cf. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We have carefully examined the proceeding below. The record affirmatively shows that the district court was fully informed of the plea negotiation and, pursuant to Rule 11, the trial court inquired of defendant as to the factual basis of the plea, his knowledge as to the extent of the possible sentence, defendant's then satisfaction with his counsel, and the defendant's understanding of the nature of the charge. Upon the record before us we find no error in the guilty plea proceeding itself.

Judgment affirmed.