931 F.2d 887
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony CAVINESS, Defendant-Appellant.
 No. 90-5816.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1991.
Decided May 3, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CR-89-447-R)
 John C. Axel, Baltimore, Md., for appellant.
 Barbara S. Skalla, Assistant United States Attorney, Baltimore, Maryland (argued), for appellee; Breckinridge L. Willcox, United States Attorney, Baltimore Md., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and RESTANI, Judge, United States Court of International Trade, Sitting by Designation.
 RESTANI, Judge:
 
 
 1
 Appellant Anthony Caviness appeals from a conviction entered following a guilty plea to a charge of conspiracy to distribute oxycodone, a controlled substance. Appellant contends that his guilty plea was the product of incomplete or inaccurate information supplied to him by the government, and was also the result of coercion or foul play by the government. In addition, appellant contests the computation of the offense level under the federal Sentencing Guidelines.
 
 Background
 
 2
 Appellant was arrested on November 3, 1989 and subsequently charged with various controlled substance violations relating to illegal sales of Percocet.[1] Following plea negotiations, a superseding information was filed on March 7, 1990, charging appellant and several others with conspiracy to distribute and possess oxycodone, a controlled substance.
 
 
 3
 On March 7, 1990, appellant tendered a plea of guilty pursuant to a written plea agreement. The district court posed many questions to appellant in an attempt to assure that the plea was given voluntarily and knowingly. See generally Appendix at 31-56. The court advised appellant about the consequences of his plea in a careful and simple manner. The district court expressly asked appellant if anyone had threatened him or forced him to enter into the plea agreement. Appellant responded in the negative. After extensively questioning appellant, the court concluded that appellant had "knowingly and understandingly and voluntarily" entered the plea. Government counsel then summarized the plea agreement, which included stipulations of applicable sentencing guideline factors and a stipulated statement of facts.
 
 
 4
 The stipulated statement of facts revealed that during the course of an investigation conducted by agents of the Drug Enforcement Administration, appellant facilitated the sale of a total of sixty Percocet pills.[2] The parties agreed that 33.3 grams of oxycodone were involved in the offense, resulting in a base offense level under the federal Sentencing Guidelines of sixteen. During the proceeding, both appellant and his attorney indicated that they were content with the statement of facts. At no time did appellant voice any concerns, of any nature, about the stipulated facts.
 
 
 5
 At the June 13, 1990 sentencing hearing, the court noted that appellant had a "substantial criminal background" and that the crime at issue was committed while appellant was on probation. The district court concluded that there were no factors warranting a departure from the sentencing guidelines. Appellant was sentenced to twenty-seven months custody, the minimum sentence within the guideline range of twenty-seven and thirty-three months.
 
 Discussion
 
 6
 Appellant contends that his guilty plea was not given voluntarily. Appellant claims that he was given information that two government witnesses were prepared to testify against him and would declare that he was involved in the illegal drug sales to a much greater extent than he actually was. Appellant also contends that the government did not provide his counsel with sufficient details to evaluate the witnesses' proposed testimony. Appellant states further that the day after an acquaintance of his, Donald Carl, had met with him and indicated that he would offer testimony favorable to appellant at trial, Carl was summoned to the District Attorney's office. After meeting with the District Attorney, Carl withdrew his offer to testify.
 
 
 7
 It is well established that reviewing courts have a duty to determine whether a guilty plea was given voluntarily. United States v. Briscoe, 428 F.2d 954, 957 (8th Cir.), cert. denied, 400 U.S. 966 (1970). Such plea may not be induced by threats, misrepresentations or improper promises. Brady v. United States, 397 U.S. 742, 753 (1970). In this case, on its face the record supports that appellant's guilty plea was freely and voluntarily given. The court went to some lengths to assess voluntariness and to explain the consequences of the plea. The government provided a comprehensive summary of the facts. Appellant neither indicated a desire for further information nor disagreed with the description of the facts of the case. Appellant repeatedly assured the court that he understood what was happening.
 
 
 8
 The accusations that the government utilized coercive tactics, fabricated expected testimony, or recounted incomplete versions of such testimony are unsupported by affidavits, sworn testimony, or any recitation of detailed facts supporting the general allegations. Furthermore, appellant's argument that the sudden unavailability of a possibly helpful witness was the direct result of improper government interference is mere speculation. Although appellant raised the issue of the voluntariness of his plea in his motion for release pending appeal, appellant never filed a motion to withdraw his plea before the district court. Nonetheless, looking behind the facial voluntariness of the plea, we find nothing to contradict the district court's finding.
 
 
 9
 As his second argument, appellant asserts that the base offense level under the sentencing guidelines was not properly calculated. The district court sentenced appellant based on an offense level of fourteen (sixteen with a two-level downward adjustment for an acceptance of responsibility) based on 33.3 grams of oxycodone. His criminal history level was IV. This resulted in a guideline range of twenty-seven to thirty-three months. Contending that the trial court erred in using the gross weight of the pills in determining the appropriate base offense level, appellant argues that the offense level should be ten (twelve minus two levels for acceptance of responsibility). In support of this contention appellant cites the Physician's Desk Reference, which states that a single Percocet pill contains only five milligrams of oxycodone. Appellant calculates that at five milligrams per pill the offense involved less than one gram of oxycodone.
 
 
 10
 This argument is meritless. First, appellant did not object to the figure of 33.3 grams used in the stipulated statement of facts and did not rely on the Physician's Desk Reference at sentencing. Second, appellant's position finds no support in the law. In United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 111 S.Ct. 65 (1990), the court, citing United States v. Whitehead, 849 F.2d 849, 859-60 (4th Cir.), cert. denied, 488 U.S. 983 (1988), as support, stated that "so long as [the mixture] contained a 'detectable amount' of [the controlled substance], the gross weight of the mixture would be the basis for sentencing."[3] The drugs at issue in Bayerle were prescription pills.
 
 
 11
 In determining the base offense level for the purposes of the sentencing guidelines, the relevant weight of a controlled substance is its gross weight.[4] The district court did not err.
 
 Conclusion
 
 12
 This appeal does not provide any reason for disturbing the district court's findings that appellant's guilty plea was freely and voluntarily entered and that appellant should be sentenced to twenty-seven months custody. Upon review of the trial record, it is obvious that the judge explained the consequences of the guilty plea at length to appellant in a simple and direct manner. The stipulated facts were sufficient for the trial judge to conclude that the government's case had merit. Moreover, both appellant and his counsel expressed their agreement with the guilty plea, clearly indicated that they agreed with the stipulated facts, and never moved to withdraw the plea. The district court also correctly calculated the offense level by using the gross weight of the substance, as was stipulated by the parties.
 
 
 13
 Accordingly, appellant's conviction and the sentence imposed by the district court are affirmed.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Percocet is a prescription drug which contains oxycodone
 
 
 [2]
 On two occasions Caviness, when approached by an undercover agent, referred the requesting agent to the house of a coconspirator for purchase of the drug
 
 
 [3]
 Further support for this position is found in a footnote to the Drug Quantity Table in the federal Sentencing Guidelines
 The footnote states that "the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." Federal Sentencing Guidelines at Sec. 2D1.1.
 
 
 [4]
 In Whitehead, supra at 859-60, we concluded that Congress intended to classify punishment according to the quantity of substances containing narcotics rather than to their purity