Darrell CHANDLER, Jr., Appellant,

v.

Bill ARMONTROUT, Appellee.

No. 90–1784.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1990.

Decided Aug. 1, 1991.

Rehearing and Rehearing En Banc
Denied Sept. 17, 1991.

See also, 698 S.W.2d 844 and 763 S.W.2d 351.

Rickey R. Roberts, Kahoka, Mo., for appellant.

Ronald L. Jurgeson and Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOODS,* District Judge.

BEAM, Circuit Judge.

Darrell Chandler, Jr., appeals from the judgment of the district court[1] denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1988). The district court adopted the report and recommendation of

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri.

the magistrate judge.[2] Chandler asserts that the district court erred in denying his ineffective assistance of counsel claims and in failing to hold an evidentiary hearing before addressing the ineffectiveness claims. We affirm.

## I. BACKGROUND

On March 10, 1986, Chandler entered an *Alford* plea of guilty to second-degree murder and was sentenced to life imprisonment.[3] Chandler's guilty plea was entered after a previous conviction for capital murder was reversed by the Missouri Supreme Court. *State v. Chandler*, 698 S.W.2d 844 (Mo.1985).[4] During the plea hearing, the state indicated that Chandler intended to enter an *Alford* plea and summarized the evidence the state would have presented at trial, including prior testimony of Chandler's two brothers. Chandler's brother Michael testified at Chandler's previous trial, placing Chandler at the murder scene and implicating Chandler in the murder, and Chandler's brother Richard testified at the trial of a co-defendant, similarly placing Chandler at the scene and implicating him in the murder. Chandler denied being at the scene and disclaimed any involvement in the murder. However, Chandler stated his belief that the state's evidence would convict him of the murder, that he feared a jury trial on capital murder, and that he preferred to accept punishment for second-degree murder. After confirming that Chandler understood his plea and its consequences, the court accepted the plea and imposed a life sentence.

Chandler filed in state court a pro se motion for post-conviction relief to vacate his conviction and sentence. Chandler attached to the motion an affidavit of his brother Richard stating that Richard had given false testimony at the co-defendant's trial when he implicated Chandler in the murder. In his motion, Chandler asserted that the trial court lacked jurisdiction to accept his guilty plea, that his trial counsel was ineffective in failing to investigate Richard's testimony and challenge the court's jurisdiction, and that his guilty plea was not entered knowingly and voluntarily. The state court determined that an evidentiary hearing was not necessary and denied Chandler's motion. The denial of post-conviction relief was affirmed by the Missouri Court of Appeals, *Chandler v. State*, 763 S.W.2d 351 (Mo.Ct.App.1988), and rehearing by the Missouri Supreme Court was denied.

Chandler subsequently filed a petition for a writ of habeas corpus in federal district court reasserting his arguments that the trial court lacked jurisdiction, that his trial counsel was ineffective, and that his guilty plea was not knowing and voluntary because of counsel's ineffectiveness. The district court referred Chandler's petition to the magistrate judge, who recommended denial of the petition. The magistrate judge accepted the state post-conviction court's determination that the trial court had jurisdiction, determined that Chandler's trial counsel provided effective assistance, and concluded that Chandler's guilty plea was knowing and voluntary. The district court adopted the report and recommendation.

On appeal to this court, Chandler raises the same ineffectiveness claims based on trial counsel's failure to investigate his brother Richard's testimony and challenge the court's jurisdiction, and Chandler also reasserts the claim that his guilty plea was not knowing and voluntary because of

---

**2.** The Honorable Robert D. Kingsland, United States Magistrate Judge for the Eastern District of Missouri.

**3.** The facts of the matter are set forth in *State v. Anding*, 752 S.W.2d 59, 59–60 (Mo.1988) and *State v. Chandler*, 605 S.W.2d 100, 102–04 (Mo. 1980).

**4.** Chandler's conviction was reversed based on the finding that Chandler's counsel in the capital murder trial had provided constitutionally

ineffective representation. Chandler's counsel had himself been implicated in the murder and failed to disclose the conflict of interest. The Missouri Supreme Court stated that "[t]he unique facts presented here are so bizarre we cannot place our imprimatur on the conviction." *Chandler*, 698 S.W.2d at 846. The case before us involves the performance of different trial counsel appointed to represent Chandler after Chandler was charged with second-degree murder.

counsel's ineffectiveness. In addition to these claims, Chandler argues that the district court should have held an evidentiary hearing on his habeas petition.

## II. DISCUSSION

■ On review of an application for habeas corpus, the issue of ineffective assistance of counsel presents a mixed question of law and fact. *Laws v. Armontrout*, 863 F.2d 1377, 1381 (8th Cir.1988), *cert. denied*, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). Thus, this court reviews the district court's conclusions on ineffectiveness de novo. The district court's findings of fact, however, are reviewable under the clearly erroneous standard. *Id.* We conclude that the district court did not err in denying Chandler's petition. Furthermore, the district court was not required to hold an evidentiary hearing.

■ To prevail on a claim of ineffective assistance of counsel, Chandler must satisfy the two-step test announced in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). First, Chandler must establish that counsel provided professionally unreasonable service. Counsel's errors must be so egregious that counsel was not functioning as the "counsel" guaranteed by the sixth amendment. Second, Chandler must demonstrate that counsel's inferior performance prejudiced the defense to the extent that he was denied the right to a fair trial. There must be a reasonable probability that but for counsel's errors, the result of the trial would have been different. Upon reviewing a claim based on ineffective assistance of counsel, the court presumes that counsel's performance "falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. The court need not consider the prejudice element if the performance element has not been satisfied, and vice versa. *Id.* at 697, 104 S.Ct. at 2069–70.

■ Trial counsel's performance was not ineffective under the two-step test of *Strickland.* Trial counsel was not ineffective in failing to investigate the testimony of Chandler's brother Richard. Chandler has not demonstrated that a failure to investigate his brother Richard's testimony prejudiced his case. In light of the substantial evidence against Chandler, a failure to investigate Richard's testimony and verify its veracity would not have changed the end result of Chandler's plea. The testimony of Chandler's other brother, Michael, placed Chandler at the murder scene and implicated Chandler in the murder. Michael's testimony was used against Chandler in Chandler's prior trial, where Chandler was convicted of capital murder, and the state intended to use this testimony again in a second trial. Further, Chandler's brother Richard had maintained since the murder that Chandler was not involved, but recanted while testifying in a co-defendant's trial and implicated Chandler in the murder. Both the state and Chandler's counsel agreed that the state "potentially had a stronger case than [it] did the first time" because Richard was no longer available as a defense witness. Joint App. at 80. In any event, trial counsel's performance was not deficient because counsel verified the substance of Richard's testimony by contacting the attorneys involved in the co-defendant's trial.

■ Chandler also argues that trial counsel was ineffective in failing to challenge the jurisdiction of the trial court and advise Chandler of a potential problem with jurisdiction. Chandler contends that the trial court, located in Cape Girardeau County, lacked jurisdiction to accept his guilty plea because that court was divested of jurisdiction over his case when it allowed a substitute information to be filed the morning of the first trial, which increased the charge from first-degree murder to capital murder, in violation of applicable law and court rules. Chandler asserts that although his first conviction was reversed by the Missouri Supreme Court and an amended information was filed charging him with second-degree murder, the Cape Girardeau County Court remained divested of jurisdiction over his case when Chandler entered a plea of guilty to the second-degree murder charge.

Chandler's trial counsel was not ineffective in failing to challenge the jurisdiction of the Cape Girardeau County Court because the court had jurisdiction to accept Chandler's guilty plea. The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction. *Johnson v. Trickey*, 882 F.2d 316, 320 (8th Cir.1989); *Wilkerson v. Wyrick*, 806 F.2d 161, 164 (8th Cir.1986), *cert. denied*, 481 U.S. 1071, 107 S.Ct. 2466, 95 L.Ed.2d 875 (1987). The state court considered the issue of jurisdiction in Chandler's post-conviction proceeding and determined that the trial court had jurisdiction to accept Chandler's guilty plea. The court reasoned that "[e]ven if this Court were to find that the substitute information filed on the day of [the first] trial ... was improper, the amended information filed [before the second trial] was valid." *Chandler v. State*, No. CV687–2361CC (Mo.Ct.App. April 20, 1988). *See* Joint App. at 148–49. This determination of jurisdiction is binding on this court.

Chandler also argues that his guilty plea was not entered knowingly and voluntarily as a result of trial counsel's ineffectiveness. Chandler asserts that trial counsel's failure to determine the accuracy of his brother Richard's testimony and to challenge the trial court's jurisdiction and advise Chandler of a jurisdiction problem rendered his guilty plea void.

This claim lacks merit for two reasons. First, we have concluded that Chandler's trial counsel was not ineffective. Thus, Chandler's guilty plea could not have been entered as a result of any ignorance stemming from the alleged ineffectiveness of counsel. Second, the record in this case demonstrates that Chandler's guilty plea was entered knowingly and voluntarily. The trial court, to ensure that Chandler realized the meaning and consequences of his actions, engaged in a lengthy pre-plea colloquy with Chandler, consuming six to seven pages of the hearing transcript. Joint App. at 77–85. Based on the record, Chandler's contention that his guilty plea was not knowing and voluntary lacks merit.

Finally, Chandler asserts that the district court erred in failing to hold an evidentiary hearing on his habeas petition. Chandler claims that insufficient facts have been developed to permit proper adjudication of his ineffective assistance of counsel claims because the state post-conviction court did not hold an evidentiary hearing to evaluate trial counsel's performance, and that the district court should not have relied on this incomplete record.

The district court was not required to hold an evidentiary hearing on Chandler's petition. Dismissal of a habeas petition without a hearing is proper if a petitioner received a fair hearing in state court and the dispute can be resolved based on the record. *Wallace v. Lockhart*, 701 F.2d 719, 729–30 (8th Cir.), *cert. denied*, 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983); *Mitchell v. Wyrick*, 698 F.2d 940, 943–44 (8th Cir.), *cert. denied*, 462 U.S. 1135, 103 S.Ct. 3120, 77 L.Ed.2d 1373 (1983). In this case, there is no indication that Chandler did not receive a fair hearing in state court, and an evidentiary hearing was not necessary to resolve Chandler's ineffectiveness claims. Rather, his ineffectiveness claims could be, and were, properly resolved on the basis of the file.

### III. CONCLUSION

Chandler was not denied effective assistance of trial counsel, and Chandler's guilty plea was knowing and voluntary. Furthermore, the district court was not required to hold an evidentiary hearing on Chandler's habeas petition. The judgment of the district court denying Chandler's petition for a writ of habeas corpus is affirmed.