**Lucille Ann Oaks Shanks SMITH, Appellant,**

**v.**

**A.L. LOCKHART, Appellee.**

**No. 90–2953.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 27, 1991.

Decided Oct. 17, 1991.

---

**3.** The current version of this statute is found at 28 U.S.C.A. § 1391(b) (West Supp.1991).

John Wesley Hall, Little Rock, Ark., argued (Craig Lambert on the brief), for appellant.

Pamela Rumpz, Asst. Atty. Gen., Little Rock, Ark., argued (John D. Harris, Asst. Atty. Gen., on the brief), for appellee.

Before MAGILL, BEAM, and LOKEN, Circuit Judges.

MAGILL, Circuit Judge.

Appellant, Lucy Smith, appeals from the district court's[1] judgment on her petition for habeas corpus relief under 28 U.S.C. § 2254. The court found that Smith did not receive ineffective assistance of counsel when her attorney failed to seek a new trial after receiving information that the jury verdict may not have been unanimous. We affirm.

I.

Smith was tried in Arkansas County, Arkansas Circuit Court for capital felony murder on August 19, 1974. The jury found her guilty of first-degree murder and sentenced her to life imprisonment. After the jury returned its verdict, prosecutor Sam Weems received a letter from the jury foreman. The foreman stated that he and several other jurors wished they could have reached a verdict imposing the death penalty. He indicated that four jurors had been unwilling to convict Smith for capital felony murder, and that three jurors originally had been unwilling to convict her of first-degree murder. The portion of the letter relevant to this appeal reads: "Nine of us after an hour of persuasion finally got the three to to [sic] accept, against their will as they said, premediation [sic][2] & we had 12 who could agree on 1st degree life sentence." Appellant's App. at 55–56. Weems showed this letter to Judge Lee, the presiding judge, and to Smith's defense counsel and her co-defendant's counsel. Weems offered to join the defense in a motion for a "mistrial"[3] based on the letter. Weems testified at the habeas hearing that he had been eager to try the case again because he thought he could get a death penalty verdict. Smith's defense counsel recommended against accepting Weems' offer because he, like Weems, believed that Smith could be tried again for capital felony murder. Smith declined a new trial because she was afraid of being sentenced to death.

The trial record was destroyed five years after the trial and Judge Lee has since died. Therefore, there is now no direct evidence of what Judge Lee would have done if actually presented with a motion for a new trial. Weems testified at the

---

1. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

2. The foreman is referring to "premeditation," which he believed the three jurors in question did not understand.

3. The jury verdict had already been returned. Although it is not entirely clear from the record whether a mistrial would have been in order at

that time, both parties have assumed that the proper motion would have been for a new trial. We note that, if a mistrial was appropriate and the defense had joined in a motion for a mistrial that was granted, Smith could have been retried for capital felony murder. In that case, Smith's counsel was very effective. Because this point does not change the outcome of this case, we decide the case on the basis on which is was argued.

habeas hearing, however, that "Judge Lee indicated that if all of us agreed to a mistrial that he'd grant it." Tr. at 88.

Smith filed two habeas petitions in the district court in 1988, claiming numerous constitutional violations.[4] At the end of the combined evidentiary hearing, Smith asked for leave to amend one of her habeas petitions to include a claim of ineffective assistance of counsel due to failure to seek a new trial on the basis of the letter. The magistrate judge granted permission to amend the petition. The magistrate judge then found that there was no ineffective assistance of counsel because Smith had not suffered any prejudice due to the fact that there was no evidence that there would have been a new trial. The magistrate judge also found that under the statute governing new trials in effect at the time of the trial, § 43–2203(c)(3),[5] there was no authority under which the trial judge could have granted a new trial. Smith claims these findings are error.

## II.

■ We first note the standard of review. The issue of ineffective assistance of counsel, on review of an application for habeas corpus, presents a mixed question of law and fact. See Chandler v. Armontrout, 940 F.2d 363, 365 (8th Cir.1991); Laws v. Armontrout, 863 F.2d 1377, 1381 (8th Cir.1988), cert. denied, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). Thus, we review de novo the district court's conclusion that there was no ineffective assistance of counsel here. The district court's findings of fact, however, are reviewable under the clearly erroneous standard. Chandler, 940 F.2d at 365; Laws, 863 F.2d at 1381.

■ In order to establish ineffective assistance of counsel, Smith must show two things. First, she must show that her counsel's performance was so deficient that it fell below an objective standard of reasonableness, Strickland v. Washington, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Second, she must show that counsel's deficient performance prejudiced the defense, i.e., that there is a reasonable probability that but for counsel's errors the result would have been different. Id. at 687, 694, 104 S.Ct. at 2064, 2068. In this case, Smith must show that there is a reasonable probability that but for defense counsel's failure to move for a new trial she would have gotten a new trial. Because we find that Smith would not have gotten a new trial even if her attorney had moved for one and, therefore, there was no prejudice under the second part of the Strickland test, we need not address the first part.

■ Smith claims the "against their will" language in the letter indicates that the verdict was not "a fair expression of opinion" by all the jurors as required under § 43–2203(c)(3). Rather, she argues the verdict was "reached through the exercise of undue influence upon those who were trying to hold out for a not guilty verdict" and "was arrived at only because of intimidation by the majority." Appellant's Br. at 11. If this were true, Smith correctly argues that Judge Lee could have authorized a new trial under either part three or seven of § 43–2203(c)(3).

■ The magistrate judge found that the letter indicated that the jury verdict was a

---

4. The magistrate denied all claims in both petitions. The instant claim was the only issue appealed to this court.

5. Smith argues that she should have been granted a new trial under the following parts of the statute:

   **Grounds for new trial.**—The court in which a trial is had, upon an issue of fact, may grant a new trial, when a verdict is rendered against the defendant, by which his substantial rights have been prejudiced, upon his motion, in the following cases:

   . . . .
   Third. Where the verdict has been decided by lot, or in any other manner than by a fair expression of opinion by the jurors.
   . . . .
   Seventh. Where, from the misconduct of the jury, or from any other cause, the court is of opinion that the defendant has not received a fair and impartial trial.
   Ark.Stat.Ann. § 43–2203(c)(3) (1964) (current version at Ark.Stat.Ann. § 16–89–130 (1991)).

compromise verdict. "[A] juror revealed that the jury did not agree initially and a compromise had to be arrived at to obtain a unanimous verdict. That is simply all that the letter from the jury foreman really says." Tr. at 110. Under Arkansas law, a compromise verdict is "not a verdict by lot. It is a fair expression of their views." *Blaylack v. State*, 236 Ark. 924, 370 S.W.2d 615, 616 (1963). Thus, if the verdict reached by this jury was a compromise verdict, it is valid under Arkansas law and not a basis for a new trial under § 43–2203(c)(3). We find that the magistrate judge's finding is supported by the evidence, and is not clearly erroneous.

The letter does not indicate that there was any improper external interference with or intimidation of the three jurors. There is no indication of misconduct or abuse by the other jurors toward the three jurors who did not initially agree. Persuasion and compromise are the processes by which juries are intended to reach their decisions. Otherwise, jurors would be polled directly after the close of a trial— not allowed to discuss the case among themselves to arrive at a verdict acceptable to them all. The fact that jurors disagree initially does not, by itself, make their subsequent compromise decision involuntary. Here, there is no evidence that the verdict reached by the jury was anything except a voluntary compromise. Thus, there was no basis under § 43–2203(c)(3) for Judge Lee to grant a new trial.

While it is true that the decision whether to grant a new trial is left to the sound discretion of the trial judge, the decision is reviewable for abuse of discretion. *Vasquez v. State*, 287 Ark. 468, 701 S.W.2d 357, 360 (1985).[6] Since it would have been beyond Judge Lee's statutory authority to grant a new trial in this case, in order to find that there is a reasonable probability that he would have granted a new trial, we would have to find that there is a reason-able probability that he would have abused his discretion. We cannot assume, seventeen years after the fact, that Judge Lee would have made such a mistake of law. Therefore, we affirm the magistrate judge's findings that there was no prejudice because there could not have been a new trial in this case.

## CONCLUSION

We conclude that the jury in this case reached a compromise verdict, not subject to a motion for a new trial under § 43–2203(c)(3). Because a new trial would not have been granted even if defense counsel had moved for one, Smith was not prejudiced by ineffective assistance of counsel. We affirm.

6. We have found at least one Arkansas case in which the Arkansas Supreme Court overturned a trial judge's grant of a new trial for abuse of discretion. *See Schrader v. Bell*, 301 Ark. 38, 781 S.W.2d 466 (1989) (trial judge abused discretion when he granted a new trial on the grounds that the jury verdict was clearly against the preponderance of the evidence where there was testimony supporting verdict). Thus, the trial judge does not have plenary power in this area.