5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 James STALLINGS, Appellant,
v.
Gerald HIGGINS, Appellee.
 No. 93-1407.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 26, 1993.
Filed: September 13, 1993.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Stallings appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri denying his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. For reversal appellant argues the district court erred in denying his petition without granting him discovery or an evidentiary hearing. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 In May 1988, a Missouri jury found Stallings guilty of second-degree burglary. Before the trial began, the state trial court had found, beyond a reasonable doubt, that Stallings was a prior and persistent offender. In June 1988, the state trial court held a sentencing hearing. Stallings informed the state trial court that he had engaged in post-trial negotiations with the State, and both parties had agreed the State would recommend a ten-year sentence. The state trial court sentenced Stallings to ten years imprisonment. The court informed Stallings that he had a right to proceed under Missouri Supreme Court Rule 29.15, which permitted filing a motion to vacate a conviction or sentence on several grounds, including that "the sentence imposed was in excess of the maximum sentence authorized by law." The state trial court further informed Stallings that Rule 29.15 was the exclusive procedure by which he could seek such relief in that court. Stallings indicated he understood the court's instructions, he had discussed the matter with his attorney, and he was satisfied with his counsel's representation.
 
 
 3
 In July 1988, Stallings filed a Rule 29.15 motion asserting an ineffective-assistance claim (in that his attorney did not call witnesses or present certain evidence on his behalf) and a Batson claim. After an evidentiary hearing, the state trial court denied Stallings's Rule 29.15 motion, and the Missouri Court of Appeals affirmed.
 
 
 4
 In October 1991, Stallings filed the instant petition for a writ of habeas corpus in federal district court. In his petition, Stallings stated that, after sentencing, a Marion County deputy sheriff delivered him to the Missouri Department of Corrections, and when officials there reviewed Stallings's paperwork, they told the deputy sheriff Stallings had been sentenced in excess of the statutory maximum seven-year sentence for second-degree burglary. Upon his supervisor's instructions, the deputy sheriff wrote "prior and persistent offender" on the commitment document. Stallings asserted in his petition that the deputy sheriff and prison officials illegally changed the order, he was neither charged nor convicted as a prior and persistent offender, and the state trial court failed to invoke the enhancement statute when it sentenced him. Stallings also argued that "prior and persistent offender" status was not a part of the post-trial negotiations.
 
 
 5
 The magistrate judge recommended denial of Stallings's petition without a hearing, because the record showed the trial court had found beyond a reasonable doubt that Stallings was a prior and persistent offender. The magistrate judge also recommended denial of Stallings's motion to compel discovery. Over Stallings's objections, the district court adopted the magistrate judge's recommendations. This appeal followed.
 
 
 6
 Stallings did not raise in his Rule 29.15 motion his claim that his sentence exceeded the statutory maximum. Rule 29.15 states, and the state trial court informed Stallings, that it provided the exclusive procedure by which Stallings could attack his sentence as "in excess of the maximum sentence authorized by law." Stallings's failure to present the instant claim to the state courts in the proper manner bars federal habeas review of the issue, absent a showing of cause and prejudice, see Fairchild v. Lockhart, 900 F.2d 1292, 1294 (8th Cir.), cert. denied, 497 U.S. 1052 (1990), or a showing that failure to consider the claim would result in a miscarriage of justice. See Wainwright v. Sykes, 433 U.S. 72, 91 (1977). The miscarriage-of-justice exception permits review of a defaulted claim "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Stallings has not asserted either cause or prejudice, and he does not argue he is actually innocent of the burglary charge. Instead, he argues that discovery and an evidentiary hearing were necessary to develop the merits of his claim. Stallings is procedurally barred, however, from raising his claim. Consequently, an evidentiary hearing was unnecessary, see Chandler v. Armontrout, 940 F.2d 363, 366 (8th Cir. 1991); Amos v. Minnesota, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861 (1988), and the district court properly denied Stallings's discovery motion.[2]
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri
 
 
 [2]
 See Higgins v. Smith, 991 F.2d 440, 441-42 (8th Cir. 1993) (claims that sentence imposed was in excess of statutory maximum is mistake of state law and not federal constitutional error)