85 F.3d 633
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John Carson TATUM, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 95-3438.
 United States Court of Appeals, Eighth Circuit.
 Submitted: May 2, 1996.
Filed: May 13, 1996.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Minnesota inmate John Carson Tatum appeals from the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 Tatum pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Soon after the plea hearing, Tatum's counsel withdrew. With the assistance of new counsel, Tatum moved to withdraw his guilty plea on the grounds that he was innocent, his plea was induced by pressure from prior counsel, and said counsel was ineffective. The district court denied the motion.
 
 
 3
 At Tatum's sentencing hearing, his counsel reiterated Tatum's objections to the PSR: that Tatum should be awarded an acceptanceof-responsibility reduction for attempting to clarify the record by contesting the facts presented during his plea, and that Tatum's criminal history score overrepresented the seriousness of his two prior crimes. The court rejected Tatum's arguments and sentenced him to 57 months imprisonment and three years supervised release. Tatum did not appeal his sentence or the denial of his motion to withdraw his guilty plea.
 
 
 4
 In this section 2255 motion, Tatum alleged his first attorney coerced his guilty plea and was ineffective because she failed to investigate facts he told her were relevant to his innocence and instead repeatedly told him he would be convicted if he went to trial. Tatum stated he informed his plea counsel someone else committed the robbery, he could identify that person, and he had an alibi. Tatum further alleged his second counsel was ineffective because he did not present these facts to the district court in support of Tatum's motion to withdraw his guilty plea. Tatum also argued his second counsel was ineffective at sentencing because he did not request an evidentiary hearing to resolve Tatum's concerns about the pre-sentence report. The district court denied Tatum's motion and Tatum timely appealed.
 
 
 5
 We review de novo the district court's denial of Tatum's section 2255 motion and, as it was denied without an evidentiary hearing, should affirm only if the motion, files, and records conclusively show he was not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S.Ct. 224 (1995). Even assuming Tatum's second counsel was deficient in not presenting in the motion to withdraw the guilty plea the specific facts Tatum now alleges, Tatum cannot show prejudice because his version of events would not have provided the district court with a fair and just reason to permit withdrawal. See Fed.R.Crim.P. 32(e); Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) (ineffective-assistance claim requires counsel's performance be deficient and result in prejudice). Tatum testified at his plea hearing that he was satisfied with his counsel's representation and that he participated in the bank robbery. Cf. United States v. Hughes, 16 F.3d 949, 951 (8th Cir.) (per curiam) (defendant who testified at plea hearing that he was satisfied with counsel's representation could not claim plea was involuntary due to counsel's failure to investigate case), cert. denied, 115 S.Ct. 252 (1994); Chandler v. Armontrout, 940 F.2d 363, 365-66 (8th Cir.1991) (counsel not ineffective for failing to investigate witness's testimony in light of substantial evidence against defendant).
 
 
 6
 We also note Tatum's second counsel's failure to request an evidentiary hearing on the PSR did not render Tatum's sentencing proceeding unreliable or fundamentally unfair. See Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); United States v. Rodamaker, 56 F.3d 898, 902 (8th Cir.1995) (district court not required to hold evidentiary hearing when defendant does not challenge facts in PSR, but challenges only inference to be drawn from facts).
 
 
 7
 Tatum's remaining arguments of sentencing court error are foreclosed by his failure to raise them in a direct appeal. See Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992), cert. denied, 113 S.Ct. 1351 (1993); United States v. Briscoe, 428 F.2d 954, 956 (8th Cir.), cert. denied, 400 U.S. 966 (1970).
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota